**INDEX OF SANTA FE COUNTY FIRST JUDICIAL
DISTRICT COURT SUIT COURT RECORDS
(ALL DOCUMENTS FILED IN STATE COURT CASE)**

B-1.    Register of Index printed on June 8, 2015;

B-2.    Original Complaint to Recover Damages for Wrongful Death and Negligence filed on April 29, 2015;

B-3.    Jury Demand (12-person) filed on April 29, 2015;

B-4.    Motion to Appoint Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 § 41-2-1 et seq. filed on April 29, 2015;

B-5.    Summons issued to Vernon Colbert filed on April 30, 2015;

B-6.    Summons issued to Werner Enterprises, Inc. filed on April 30, 2015;

B-7.    Order Appointing Personal Representative for Jesse Barnes filed on April 30, 2015;

B-8.    Return of Summons served on Werner Enterprises filed on May 12, 2015; and

B-9.    Return of Summons served on Vernon Colbert filed on May 27, 2015.



EXHIBIT
B

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2015-01011

| | |
|---|---|
| TINA MCDONALD, et. al., v. WERNER ENTERPRISES, INC., a Nebraska Corporation, et. al. | Case Type: **Tort**<br>Date Filed: **04/29/2015**<br>Location: **Santa Fe County**<br>Judicial Officer: **Thomson, David K.** |

§<br>§<br>§<br>§<br>§

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | COLBERT, VERNON LOVELLE | |
| Defendant | WERNER ENTERPRISES, INC., a Nebraska Corporation | |
| Plaintiff | BARNES, JEFFREY J. | David Joseph Jaramillo<br>*Retained*<br>505-254-9090(W)<br><br>Maria E. Touchet<br>*Retained*<br>505-200-9454(W) |
| Plaintiff | BARNES, JESSE EUGENE | David Joseph Jaramillo<br>*Retained*<br>505-254-9090(W)<br><br>Maria E. Touchet<br>*Retained*<br>505-200-9454(W) |
| Plaintiff | MCDONALD, TINA | David Joseph Jaramillo<br>*Retained*<br>505-254-9090(W)<br><br>Maria E. Touchet<br>*Retained*<br>505-200-9454(W) |
| Plaintiff | TINA MCDONALD, individually and as PR of the Estate of Jesse Barnes, Jr. | David Joseph Jaramillo<br>*Retained*<br>505-254-9090(W)<br><br>Maria E. Touchet<br>*Retained*<br>505-200-9454(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 04/29/2015 | **Cause Of Actions**<br>Action Type | Wrongful Death, Auto (Count 1 - Negligence (As Against All Defendants))<br>Action |
| 04/29/2015 | **Cause Of Actions**<br>Action Type | Wrongful Death, Auto (Count 2 - Negligence Per Se (As Against All Defendants))<br>Action |
| 04/29/2015 | **Cause Of Actions**<br>Action Type | Wrongful Death, Auto (Count 3 - Negligent Hiring and Supervision (As Against Defendant Werner Enterprises, Inc.))<br>Action |
| 04/29/2015 | **Cause Of Actions**<br>Action Type | Wrongful Death, Auto (Count 4 - Wrongful Death)<br>Action |
| 04/29/2015 | OPN: COMPLAINT | |
| | *ORIGINAL COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH AND NEGLIGENCE* | |
| 04/29/2015 | JURY DEMAND 12 PERSON | |
| | *Jury Demand by Plaintiffs* | |
| 04/29/2015 | MTN: MOTION | |
| | *MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 41-2-1 et seq.* | |
| 04/30/2015 | SUMMONS ISSUED | |
| | *Vernon Lovelle Colbert* | |
| 04/30/2015 | SUMMONS ISSUED | |
| | *Werner Enterprises, Inc.* | |
| 04/30/2015 | ORD: APPROVING PROBATE/APPOINTMENT OF PERSONAL REP | |
| | *ORDER APPOINTING PERSONAL REPRESENTATIVE FOR JESSE BARNES, JR., DECEASED IN ACCORDANCE WITH NMSA 1978 41-2-1* | |
| 05/12/2015 | SUMMONS RETURN | |
| | *Return Summons for Werner Enterprises* | |
| 05/27/2015 | SUMMONS RETURN | |
| | *SUMMONS RETURN FOR VERNON LOVELLE COLBERT* | |

**EXHIBIT**
**B-1**

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2015 1:00:11 PM
STEPHEN T. PACHECO
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TINA MCDONALD, individually and
as Personal Representative of the
Estate of Jesse Barnes, Jr., deceased;
JESSE EUGENE BARNES, individually; and
JEFFREY J. BARNES, individually,

                              Plaintiffs,

v.                                      No.  D-101-CV-2015-01011

WERNER ENTERPRISES, INC., a Nebraska Corporation;
VERNON LOVELLE COLBERT, an individual,

                              Defendants.

## ORIGINAL COMPLAINT TO RECOVER DAMAGES

## FOR WRONGFUL DEATH AND NEGLIGENCE

     COME NOW the plaintiffs TINA MCDONALD, individually and as Personal Representative for the Estate of Jesse Barnes, Jr., JESSE EUGENE BARNS, individually, and JEFFREY J. BARNES, individually, by and through the undersigned attorneys, who file their Original Complaint against VERNON LOVELLE COLBERT and WERNER ENTERPRISES, INC. (at times collectively referred to hereinafter as "Defendants") and complain and allege as follows:

## THE PARTIES

     1.    Plaintiff Tina McDonald is a resident of Fannin County, Texas and is the surviving daughter of decedent Jesse Barnes, Jr. and the duly-appointed Personal Representative

1



under the Wrongful Death Act, NMSA section 41-2-1, *et seq.*, in these proceedings on behalf of the estate of Jesse Barnes, Jr.

2.      This wrongful death action is brought by Plaintiff Tina McDonald pursuant to the New Mexico Wrongful Death Act, NMSA section 41-2-1, *et seq.* as a statutory plaintiff, for and on behalf of herself and Jesse Eugene Barnes and Jeffrey J. Barnes, statutory heirs of decedent Jesse Barnes, Jr. (collectively referred to herein as "Plaintiffs").

3.      Jesse Eugene Barnes, residing in San Luis Obispo County, California, and Jeffrey J. Barnes, residing in Lane County, Oregon, are the surviving adult sons of decedent Jesse Barnes, Jr.

4.      Defendant Vernon Lovelle Colbert ("Colbert"), based on information and belief, is an individual residing in Wilmington, Delaware. Defendant Colbert was operating and controlling a 2012 blue freight truck bearing Nebraska license plate number 168826 ("Freight Truck") at the time of the subject accident described more fully herein with the consent, permission, and knowledge of each and all of the other defendants. Upon information and belief, service can be perfected on Colbert through summons at his place of residence, 1022 W. 8th Street, Wilmington, Delaware 19806-6482 and/or wherever he may be found.

5.      Defendant Werner Enterprises, Inc. (hereinafter "Werner"), based on information and belief, is a trucking company incorporated in the State of Nebraska and doing business throughout the State of New Mexico. Also based on information and belief, Defendant Werner Enterprises was at all times herein alleged an owner, lessee, lessor, and/or operator of the Freight Truck, and was responsible for its maintenance, inspection, repair, and operation, among other things. Defendant Werner Enterprises can be served through its registered agent for service of

process in New Mexico, National Registered Agents, Inc., 123 East Marcy, Santa Fe, New Mexico 87501 and/or wherever it may be found.

6.      Plaintiffs are informed and believe that Defendants, and each of them, were at all times relevant the agents, servants, and/or employees of each other and, in doing the things herein alleged, were acting within the course, scope, and authority of such agency and employment and were, in some manner, negligently or otherwise, responsible for the events herein alleged.

7.      Plaintiffs are informed and believe and based thereon alleges that each Defendant herein is responsible in some manner for the events and happenings herein referred to as a result of the negligence, statutory liability, non-delegable duty, vicarious liability, permissive use, or other basis which resulted in serious damage to Plaintiffs. Said damages were proximately caused by the negligence, action, and/or inaction of Defendants, and each of them, as well as Defendants' ownership, leasing, maintenance, hiring, retention, contracting, managing, and/or operation, including but not limited to the operation of motor vehicles.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Defendants Werner Enterprises and Colbert because both conduct substantial transportation in New Mexico. Defendant Colbert routinely drives routes throughout the State of New Mexico and Defendant Werner Enterprises routinely sends drivers carrying freight through the State of New Mexico. Both Defendants committed egregious acts and torts in the State of New Mexico. Werner Enterprises maintains an agent for service of process in the State of New Mexico. Both Defendants' contacts are so continuous and systematic that they render Defendants essentially "at home" in New Mexico.

That is, Defendants transact sufficient business, including the operation of tractor-trailers, in the State of New Mexico to be haled into court here. NMSA 1978, § 38-1-16(A)(1), (3) (1971).

9. Venue in this case is proper in Santa Fe County, New Mexico pursuant to NMSA 1978 §38-3-1(F) (registered agent for foreign corporation).

## RELEVANT FACTS

10. On or about November 16, 2012, decedent Jesse Barnes, Jr. was traveling in his white 2006 GMC truck bearing Oregon license plate number 201FSU ("GMC") westbound on Interstate 40 in Quay County, New Mexico when Defendant Colbert operated the Freight Truck in such a manner as to cause it to collide with the rear of Mr. Barnes' GMC. The impact caused the GMC to travel in a northwest direction to the dirt shoulder and flip over, ejecting Mr. Barnes from the vehicle. Mr. Barnes sustained serious and fatal injuries and was pronounced deceased at the scene of the accident.

11. Upon information and belief, at the time of the incident, Defendant Colbert was operating the Freight Truck owned by Defendant Werner Enterprises in the course and scope of his employment with Defendant Werner Enterprises.

12. Upon information and belief, because of Defendant Colbert's negligent, careless and reckless driving, including fatigue and impairment, he drove the Freight Truck into Mr. Barnes' GMC. Mr. Barnes was traveling in his own lane of westbound Interstate 40 and was struck, ejected from his vehicle, and killed through no fault of his own.

13. Upon information and belief, Defendant Colbert was not fit to operate the Freight Truck and had demonstrated his unfitness before the date of the subject collision. At the time of the crash and before, Plaintiffs are informed and believe and thereon allege that Defendant Werner Enterprises knew of Defendant Colbert's unfitness and/or had not been sufficiently

4

supervising, training and/or auditing Defendant Colbert to comply with the law in regard to the safe operation of a commercial motor vehicle.

14.     At the time of the subject collision, Defendant Colbert was acting as an agent and/or employee of Defendant Werner Enterprises and was within the course and scope of his employment. Defendant Werner Enterprises is liable for the acts and/or omissions of its employees, agents, apparent agents, representatives and/or designees under the doctrine of *respondeat superior*, as well as for their own negligent acts and omissions.

15.     As a direct and proximate result of Defendants' negligent, careless and reckless acts and omissions, Mr. Barnes suffered severe injuries, conscious pain and suffering, and an untimely death.

## COUNT 1 – NEGLIGENCE

### (As Against All Defendants)

16.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

17.     At all relevant times, Defendants, and each of them, had a duty to exercise reasonable care in owning and operating the Freight Truck, including but not limited to keeping a lookout for vehicles, controlling the speed and movement of the vehicle, and keeping a safe distance between the Freight Truck and other vehicles on the road.

18.     Defendants, and each of them, had a further duty to own, operate, entrust, manage, control, service, repair, inspect, and/or maintain the Freight Truck with the ordinary care and skill necessary to avoid causing harm and/or injury to others such as decedent Jesse Barnes, Jr. and Plaintiffs.

19.     Defendants, and each of them, failed to exercise reasonable care in breach of their duties by, among other things, following another vehicle too closely, failing to pay adequate attention to other vehicles on the roadway, failing to control the vehicle, driving while distracted, fatigued and/or impaired, and failing to drive at a speed safe for the conditions, posing a danger to people and property. In failing to exercise reasonable care, Defendants were negligent in the operation of the Freight Truck just prior to and at the time of the subject accident.

20.     As a further direct and proximate result of Defendants' negligence, decedent Jesse Barnes, Jr. sustained blunt force trauma to his head, along with other internal and external injuries, resulting in physical pain and suffering and his ultimate death on the day of the subject accident.

21.     As a further direct and proximate result of Defendants' negligence, Plaintiffs incurred funeral and burial expenses for the death of Jesse Barnes, Jr. Plaintiffs further sustained the loss of gifts or benefits that they would have expected to receive from their father as well as the loss of his love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance as a direct and proximate result of Defendants' negligence.

## COUNT 2 – NEGLIGENCE PER SE

### (As Against All Defendants)

22.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

23.     At all relevant times, Defendants Colbert and Werner Enterprises were obligated to comply with the safety requirements established by federal and state statutes, regulations, rules and other requirements, including but not limited to the rules, regulations and requirements

of the Department of Transportation, the National Transportation Safety Board, the Office of

Highway Safety and other regulatory agencies.

24.     Such statutes, regulations, rules, and other requirements have been promulgated

for the safety and benefit of the public at large, including decedent Jesse Barnes, Jr. and

Plaintiffs and the rest of the New Mexico motoring public.

25.     The injuries and damages sustained by decedent Jesse Barnes, Jr. and the

Plaintiffs were the type of injuries and damages that such statutes, rules, regulations and other

requirements were designed to prevent.

26.     Upon information and belief, at the time of the subject incident, there were in

force and effect Federal Motor Carrier Safety Act regulations that have been violated including

but not limited to:

    a.   FMCSR 392.3 (ill or fatigued operators)
    b.   FMCSR 383.110 (general knowledge)
    c.   FMCSR 392.6 (schedules to conform to speed limits)
    d.   FMCSR 395.3 (maximum driving time)
    e.   FMCSR 383.111 (required knowledge)
    f.   FMCSR 383.113 (required skills)
    g.   Any additional regulations or statutes that are revealed as violated during
         discovery as this case progresses.

27.     Upon information and belief, at the time of the subject incident, there were certain

New Mexico State statutes in force and effect that have been violated, including but not limited

to:

    a.   66-7-301(b)(1) NMSA (1978) – requiring that in every event speed should be so
         controlled by the driver as may be necessary to avoid colliding with any person;
    b.   66-7-301(b)(2) NMSA (1978) – requiring that in every event speed shall be so
         controlled by the driver as may be necessary to comply with legal requirements as
         may be established by the State and Highway and Transportation Department or

the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c.  66-8-113 NMSA (1978) – reckless driving;

d.  66-8-114 NMSA (1978) – careless driving;

e.  66-7-337 NMSA (1978) – drivers to exercise due care;

f.  65-3-11 NMSA (1978)—hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

g.  65-3-7 NMSA (1978) – qualifications of drivers;

h.  65-3-8 NMSA (1978) – equipment; loading; driving; unsafe practices;

i.  65-3-9 NMSA (1978) – commercial motor vehicles; equipment; regulations.

j.  Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

28.     As a result of these and other violations, Defendant Colbert was negligent per se, and Defendant Werner Enterprises under the doctrine of respondeat superior is liable as a consequence of such violations.

29.     Defendants' negligence per se was a proximate cause of the subject incident, injuries and death of Jesse Barnes, Jr. and the damages sought by Plaintiffs herein.

## COUNT 3 – NEGLIGENT HIRING AND SUPERVISION

### (As Against Defendant Werner Enterprises, Inc.)

30.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

31.     At all times herein alleged and upon information and belief, Defendant Colbert was the agent and/or employee of Defendant Werner Enterprises, and in doing the things alleged herein, was acting within the course and scope of his agency and/or employment at the time of the subject incident. Defendant Werner Enterprises is liable for any and all damages that resulted from Defendant Colbert's negligence under the doctrine of respondeat superior.

8

32.     Defendant Werner Enterprises, in the operation of its business, in the operation and maintenance of its vehicles and in its hiring, training, and supervision of its employees and agents, owed a duty to Plaintiffs, and the New Mexico public at large, to run its business and make use of its property in a reasonable manner using the due care, skill, and expertise as would an ordinary person so as to not cause foreseeable and unreasonable risks of harm to others. Defendant Werner Enterprises is responsible for the hiring, supervision, retention, and training of employees to assure the proper execution of the duties of an over-the-road truck driver. Defendant Werner Enterprises has a duty to hire, supervise, and train employees and agents to drive tractor-trailers in a reasonable and safe manner.

33.     Further, Defendant Werner Enterprises had a duty when entrusting its heavy commercial vehicles to drivers. Defendant Werner Enterprises owned the Freight Truck and permitted Defendant Colbert to operate it at the time of the subject incident.

34.     Defendant Werner Enterprises breached one or more of its duties of care. Defendant Werner Enterprises failed to exercise the requisite care, skill, and expertise as would an ordinary person when hiring, retaining, supervising, training, and entrusting a vehicle to Defendant Colbert. Defendant Werner Enterprises knew or should have known that Defendant Colbert was unfit and/or incompetent to perform the work for which he was hired, and that such unfitness and/or incompetence created a particular risk of harm to others. Defendant Werner Enterprises failed to adequately supervise and train Defendant Colbert for the duties that Werner Enterprises could foresee and expect Defendant Colbert would perform in the course of his employment/agency.

35.     Upon information and belief, Defendants, and each of them, failed to exercise reasonable care in breach of their duties by, among other things, negligently hiring Defendant

Colbert; negligently entrusting the Freight Truck to Defendant Colbert; negligently training and supervising and retaining agents and employees, including Defendant Colbert; failing to comply with its own rules and policies with regard to hiring, training, monitoring, performing tests on, disciplining, and terminating employees; failing to comply with all applicable laws, ordinances, rules and regulations; and failing to train, supervise, direct or control its employees with the requisite care, skill, and expertise as would a reasonable employer.

36.     Defendant Colbert's incompetence and/or unfitness to perform the work for which he was hired were substantial factors in causing harm to Plaintiffs. Defendant Werner Enterprises' negligence, both its own negligence and through respondeat superior, was a proximate cause of the subject incident, injuries and death of Jesse Barnes, Jr. and the damages of Plaintiffs herein.

## <u>COUNT 4 – WRONGFUL DEATH</u>

37.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

38.     As a direct and proximate cause of the negligent acts and/or omissions of Defendants, and each of them, Jesse Barnes, Jr. was killed.

39.     This action is brought pursuant to the New Mexico Wrongful Death Statute N.M.S.A., 41-2-1, et seq.

40.     This action is brought by Plaintiffs to recover, on behalf of Jess Barnes, Jr., all damages legally available under the New Mexico Wrongful Death Statute.

## DAMAGES

41.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

42.     As a result of the acts and/or omissions of Defendants, and each of them, Jesse Barnes, Jr. died. Accordingly, Plaintiffs are entitled to an award of damages including, but not limited to, the following:

a.   Reasonable expenses of necessary medical care and treatment;
b.   Reasonable expenses of funeral and burial costs;
c.   The pain and suffering experienced by decedent between the time of injury and death;
d.   The value of lost earnings and earning capacity, and the value of the lost household services of the decedent;
e.   The value of the decedent's life apart from his earning capacity;
f.   The loss to the beneficiaries of other expected benefits having a monetary value;
g.   The mitigating or aggravating circumstances attending the wrongful act; and
h.   Any other actual or special damages in an amount to be proved at trial and as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     Special and actual damages in an amount to be proved at trial and as allowed by law;

2.     Pre-judgment and post-judgment interest as allowed by law;

3.     Costs of court; and

4.     Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,


*/s/ David J. Jaramillo*
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2015 1:00:11 PM
STEPHEN T. PACHECO
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TINA MCDONALD, individually and
as Personal Representative of the
Estate of Jesse Barnes, Jr., deceased;
JESSE EUGENE BARNES, individually; and
JEFFREY J. BARNES, individually,

                        Plaintiffs,

v.                             No.   D-101-CV-2015-01011

WERNER ENTERPRISES, INC., a Nebraska Corporation;
VERNON LOVELLE COLBERT, an individual,

                         Defendants.

<u>JURY DEMAND</u>

    Plaintiffs, through their undersigned attorneys, demand trial by a twelve person jury of all

issues triable of right by jury and hereby tender the sum of $300.00 for jury fee.

1



Respectfully submitted,


**_/s/ David J. Jaramillo_**
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2015 1:00:11 PM
STEPHEN T. PACHECC
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TINA MCDONALD, individually and
as Personal Representative of the
Estate of Jesse Barnes, Jr., deceased;
JESSE EUGENE BARNES, individually; and
JEFFREY J. BARNES, individually,

                    Plaintiffs,

v.                                      No.   D-101-CV-2015-01011

WERNER ENTERPRISES, INC., a Nebraska Corporation;
VERNON LOVELLE COLBERT, an individual,

                    Defendants.

## MOTION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

      In conformity with NMSA 1978 Section 41-2-3 et seq., Tina McDonald moves the Court for an Order appointing her as Personal Representative of the Estate of Jesse Barnes, Jr. for the purpose of investigating and pursuing a wrongful-death action and as grounds for said Order states:

      1.      Jesse Barnes, Jr. died on November 16, 2012.

      2.      Tina McDonald was the daughter of Jesse Barnes, Jr.

      3.      Tina McDonald is a statutory beneficiary of the Wrongful Death Estate of Jesse Barns, Jr.

      4.      Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful-death action.



EXHIBIT
B-4

5.      As set out by the New Mexico Court of Appeals in the ***In the Matter of the Estate of Kirsten Sumler***, 2003- NMCA-30, this court should appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code ... We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's *estate* is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." ***Henkel***, 49 N.M. at 47, 156 P.2d at 791 ... In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, ***Chavez v. Regents of the University of New Mexico***, 103 N.M. 606, 711 P.2d 883 (1985), **we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself,** *see* Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought.

***In the Matter of the Estate of Kirsten Sumler,*** 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 776 (emphasis supplied).

6.      Pursuant to New Mexico law, in particular § 41-2-3, NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possessed of authority to pursue such a claim.  Our Supreme Court in ***Mackey v. Burke***, 102 N.M. 294 (1984) has determined:

> 1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law.

> 2) A wrongful death action has no relation to the estate.

2

3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties.

4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action."

5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after *Henkel* make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

(Citations omitted).

7.    Movant is the appropriate person to act as Personal Representative in this wrongful death action. *See Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action...The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

3

[…]

Although a wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act.

Id. at 608-09 (citations omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." *Id.* at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8.    Movant has been advised as to the requirements of the Wrongful Death Act, §41-2-1 et seq., NMSA 1978, particularly as to the priorities regarding statutory beneficiaries of a wrongful-death claim.

9.    Movant recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

10.   To the best of Movant's knowledge and the knowledge of the undersigned attorneys, no other person has been appointed as a personal representative for the purposes sought herein either of defending or of pursuing or investigating a wrongful-death claim on behalf of the estate, nor has any wrongful-death action on behalf of Jesse Barnes, Jr. yet been filed.

4

WHEREFORE, Movant prays that she be appointed personal representative for Jesse Barnes, Jr., deceased, for the purpose of investigating and pursuing wrongful-death actions under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted,

*/s/ David J. Jaramillo*
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/30/2015 2:55:33 PM
STEPHEN T. PACHECC
Jessica Garcia

# ISSUED

|  |  |
|---|---|
| **SUMMONS** | |
| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2015-01011<br><br>Judge: David Thomson |
| TINA MCDONALD, individually and<br>as Personal Representative of the<br>Estate of Jesse Barnes, Jr., deceased;<br>JESSE EUGENE BARNES, individually; and<br>JEFFREY J. BARNES, individually,<br>Plaintiffs,<br>v.<br>WERNER ENTERPRISES, INC., a Nebraska<br>Corporation;<br>VERNON LOVELLE COLBERT, an individual,<br>Defendants. | Defendant Name:<br><br>VERNON LOVELLE COLBERT |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 30th day of April, 2015.



EXHIBIT

B5

Respectfully submitted,

*/s/ David J. Jaramillo*
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
      Deputy

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO                    )
                                                              )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[  ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[  ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[  ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____(*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[  ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing  by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[  ]      to _____, an agent authorized to receive service of process for defendant _____.

[  ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[  ]      to _____, (name of person), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

2

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
Authorized to administer oaths

_____
Official title

## USE NOTE

      1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

      2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/30/2015 2:55:33 PM
STEPHEN T. PACHECO
Jessica Garcia

# ISSUED

| | |
|---|---|
| **SUMMONS** | |
| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2015-01011<br><br>Judge: David Thomson |
| TINA MCDONALD, individually and<br>as Personal Representative of the<br>Estate of Jesse Barnes, Jr., deceased;<br>JESSE EUGENE BARNES, individually; and<br>JEFFREY J. BARNES, individually,<br>Plaintiffs,<br>v.<br>WERNER ENTERPRISES, INC., a Nebraska<br>Corporation;<br>VERNON LOVELLE COLBERT, an individual,<br>Defendants. | Defendant Name:<br><br>WERNER ENTERPRISES, INC.,<br>a Nebraska Corporation |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 30th day of April, 2015.



EXHIBIT
B-6



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

Respectfully submitted,

**_/s/ David J. Jaramillo_**
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO                )
                                                          )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing  by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____, (name of person), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

2

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
Authorized to administer oaths

_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/30/2015 10:34:02 AM
STEPHEN T. PACHECO
Gloria Landin

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TINA MCDONALD, individually and
as Personal Representative of the
Estate of Jesse Barnes, Jr., deceased;
JESSE EUGENE BARNES, individually; and
JEFFREY J. BARNES, individually,

                 Plaintiffs,

v.                                   No. D-101-CV-2015-01011

WERNER ENTERPRISES, INC., a Nebraska Corporation;
VERNON LOVELLE COLBERT, an individual,

                 Defendants.

### ORDER APPOINTING
### PERSONAL REPRESENTATIVE
### FOR JESSE BARNES, JR., DECEASED,
### IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

      This matter having come before the Court on Movant, Tina McDonald's Motion to Appoint Personal Representative for the Estate of Jesse Barnes, Jr., deceased, under the Wrongful Death Act, and the Court being fully advised,

      FINDS:  That the Petition is well taken and should be granted.

      IT IS therefore ORDERED that Tina McDonald is appointed Personal Representative of the Estate of Jesse Barnes, Jr. for the purpose of investigating and pursuing a wrongful death action.

                                           *David K. Thomson*
                         THE HONORABLE DAVID K. THOMSON

1

EXHIBIT
B-7

Respectfully submitted,


**_/s/ David J. Jaramillo_**
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/12/2015 2:30:03 PM
STEPHEN T. PACHECO
Maureen Naranjo

| | |
|---|---|
| **SUMMONS** | |
| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2015-01011<br><br>Judge: David Thomson |
| TINA MCDONALD, individually and<br>as Personal Representative of the<br>Estate of Jesse Barnes, Jr., deceased;<br>JESSE EUGENE BARNES, individually; and<br>JEFFREY J. BARNES, individually,<br>Plaintiffs,<br>v.<br>WERNER ENTERPRISES, INC., a Nebraska<br>Corporation;<br>VERNON LOVELLE COLBERT, an individual,<br>Defendants. | Defendant Name:<br><br>WERNER ENTERPRISES, INC.,<br>a Nebraska Corporation |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1.       A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.       You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.        You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.       If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.       You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.       If you need an interpreter, you must ask for one in writing.

7.       You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 30th day of April, 2015.



EXHIBIT
B-8



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

Respectfully submitted,

*/s/ David J. Jaramillo*
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO                    )
                                       )ss
COUNTY OF _Bernalillo_                 )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ County on the _8th_ day of _May_, _2015_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

☒    to the defendant by [mail] (courier service) as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____(*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing  by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

☒    to _National Registered Agents, Inc._ an agent authorized to receive service of process for defendant _Werner Enterprises_ .

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____, (name of person), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service

_____
Title *(if any)*

Subscribed and sworn to before me this ___8th___ day of ___May___, 2015.[2]

_____
Judge, notary or other officer
Authorized to administer oaths

**OFFICIAL SEAL**
**Mark Poindexter**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: ___July 1, 2012___

_____
Official title

### USE NOTE

  1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

  2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]



May 11,2015

Dear Customer:

The following is the proof-of-delivery for tracking number **773559451701**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | M.VIJIL | Delivery location: | 123 EAST MARCY STREET 201 |
| | | | SANTA FE, NM 87501 |
| Service type: | FedEx Standard Overnight | Delivery date: | May 11, 2015 09:04 |
| Special Handling: | Deliver Weekday | | |
| | Adult Signature Required | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 773559451701 | Ship date: | May 8, 2015 |
| | | Weight: | 0.5 lbs/0.2 kg |

**Recipient:**
Werner Enterprises Inc
c/o National Registered Agents Inc
123 East Marcy
SANTA FE, NM 87501 US

**Reference**

**Shipper:**
Kaedi Hunter
Jaramillo | Touchet, LLC
505 Roma Avenue NW
Albuquerque, NM 87102 US

Barnes

Thank you for choosing FedEx.

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/27/2015 10:27:05 AM
STEPHEN T. PACHECO
Monica Chavez Crespin

| SUMMONS | |
|---|---|
| First Judicial District Court<br>Santa Fe County, New Mexico<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2015-01011<br><br>Judge: David Thomson |
| TINA MCDONALD, individually and<br>as Personal Representative of the<br>Estate of Jesse Barnes, Jr., deceased;<br>JESSE EUGENE BARNES, individually; and<br>JEFFREY J. BARNES, individually,<br>Plaintiffs,<br>v.<br>WERNER ENTERPRISES, INC., a Nebraska<br>Corporation;<br>VERNON LOVELLE COLBERT, an individual,<br>Defendants. | Defendant Name:<br><br>VERNON LOVELLE COLBERT |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 30th day of April, 2015.



EXHIBIT
tabbies
B-9

Respectfully submitted,



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
      Deputy

*/s/ David J. Jaramillo*
David J. Jaramillo
Maria E. Touchet
Jaramillo | Touchet, L.L.C.
505 Roma Avenue NW
Albuquerque, NM 87102
Phone: (505) 200-9454
Fax: (505) 717-1502
Email: david@jtlawyers.com
Email: mia@jtlawyers.com

and

Stephen K. McElroy*
*Pro Hac Vice Pending*
Lyssa A. Roberts*
*Pro Hac Vice Pending*
ALDERLAW, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Phone: (310) 275-9131
Fax: (310) 275-9132
Email: smcelroy@alderlaw.com
Email: lroberts@alderlaw.com

Attorneys for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN** [1]

STATE OF NEW MEXICO )
                                     )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in New Castle County on the 15th day of May , 2015 , by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

⊠ to the defendant by [mail] (courier service) as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____(*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____, (name of person), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Keedi Wunter_
Signature of Person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _15ᵗʰ_ day of _May_, _2015_.²

_____
Judge, notary or other officer
Authorized to administer oaths



OFFICIAL SEAL
**Mark Poindexter**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _Feb 1, 2017_

_Notary_
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**FedEx**

May 25, 2015

Dear Customer:

The following is the proof-of-delivery for tracking number **773616174921**.

---

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | FedEx Location |
| Signed for by: | J. DOLAN | Delivery location: | TWO COMMONS BOULEVARD |
| | | | NEW CASTLE, DE 19720 |
| Service type: | FedEx Standard Overnight | Delivery date: | May 21, 2015 13:37 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



---

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 773616174921 | Ship date: | May 15, 2015 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
Vernon L. Colbert
1022 W 8th Street
Wilmington
WILMINGTON, DE 19806 US

**Reference**

Shipper:
Kaedi Hunter
Jaramillo | Touchet, LLC
505 Roma Avenue NW
Albuquerque, NM 87102 US

Barnes

Thank you for choosing FedEx.